UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LISA GARCIA, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No. 2:14-cv-262-WTL-MJD |
| TERRY HUCKLEBERRY, et al., | ) |
| Defendants. | ) |

### ENTRY ON THE AMERICAN LEGION'S MOTION TO DISMISS/ MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on the motion to dismiss/motion for summary judgment filed by Defendant The American Legion ("The Legion") (Dkt. No. 10). The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for summary judgment for the reasons set forth below.[1] In light of this ruling (and because the parties relied on matters outside the pleadings), the Court **DENIES AS MOOT** The Legion's alternative motion to dismiss. The Court further **DENIES AS MOOT** The Legion's motion to be excused from the settlement conference (Dkt. No. 37).

### I. STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the Court

---

[1] The Plaintiff's response to The Legion's motion was filed over a month late. Although The Legion does not formally move the Court to strike the Plaintiff's response, it argues that it is prejudiced by the untimely response. The Legion's Reply at 2-3. To the extent The Legion moves the Court to strike the response from the record, the Court **DENIES** the motion. Even considering the Plaintiff's belated response, The Legion has established that it is entitled to summary judgment.

accepts as true the admissible evidence presented by the non-moving party and draws all reasonable inferences in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Id.* Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II. BACKGROUND

The Plaintiff Lisa Garcia was employed as a bartender by The American Legion, Post # 104 in Terre Haute, Indiana ("Post 104"). On September 6, 2013, Garcia joined the Indiana Air National Guard ("IN ANG"). According to Garcia, on October 8, 2013, she was demoted from a full-time bartender to a part-time bartender beginning January 1, 2014, because she joined the IN ANG. She also alleges that after she joined the IN ANG, several male employees of Post 104 verbally harassed her. They told her that females "had no business being in the military," and she was "too old and fat to be in the military." Compl. at ¶ 25. On December 9, 2013, according to Garcia, she was fired from Post 104 because of her military service. As a result, she filed suit against a number of parties, including The Legion (i.e, the national congressionally chartered headquarters for the organization).

Garcia alleges the following against The Legion:

38. The Defendant Legion had a duty to ensure compliance in its local chapters with federal and state law regarding military service by employees;

39. . . . [T]he Defendant Legion breached said duty when it failed to ensure Post 104 obeyed guidelines and obeyed federal and state law regarding military service by employees; [and]

2

> 40. . . . [T]he Plaintiff was harmed, and said harm was caused either directly or proximately by the Defendant Legion's breach of duty.

*Id.* at ¶¶ 38-40.

### III.  DISCUSSION

The Legion argues that it is entitled to summary judgment because (1) it, by statute, had no duty "to control or otherwise influence the specific activities and conduct of Post 104," The Legion's Br. at 5 (citing 36 U.S.C. § 21704(5))[2], and (2) it "had no involvement in the alleged hiring of Lisa Garcia by Post 104, the alleged course of her employment at Post 104, the alleged actions in [her] Complaint, [or] the termination of her employment." Dkt. No. 12 at ¶ 6.

Garcia does not dispute the statutory authority cited to by The Legion. Rather, she argues that:

> 2. . . . [D]uring the course of [her] termination and [her] employment with the American Legion Post #104, [she] was informed by the officers of [P]ost #104 that they had communicated with the American Legion main post regarding [her] termination and the reasons therein[.]
>
> 3. . . . [I]t is [her] understanding that the co-defendant American Legion corporate offices was aware of [her] situation and the reasons for [her] termination and was involved in some capacity in said decision making.[3]

Dkt. no. 27-1 at ¶¶ 2-3. Garcia also asks this Court to "set this matter for hearing so that evidence can be presented as to the material facts in dispute." Garcia's Resp. at 2. The Court **DENIES**

---

[2] Under 36 U.S.C. § 21704(5), The Legion "may . . . provide guidance and leadership to organizations and local chapters . . . , but may not control or otherwise influence the specific activities and conduct of such organizations and local chapters."

[3] The Legion argues that Garcia's "affidavit is both procedurally and substantively deficient and should be disregarded by the Court." The Legion's Reply at 3. Although the affidavit does not comport with the Local Rules of the Southern District of Indiana and is thus procedurally deficient, the Court need not and does not resolve The Legion's "objection" to the affidavit because, as noted above, even considering Garcia's statements, The Legion has established that it is entitled to summary judgment.

Garcia's request for an evidentiary hearing. Any facts pertinent to the Court's determination of The Legion's motion for summary judgment (or any information currently unavailable to Garcia that may prove her case against The Legion) should have been identified and submitted to the Court with her response to The Legion's motion. Instead, Garcia relies on vague and self-serving statements in her affidavit. As noted above, she vaguely states that she was informed by the "officers of [P]ost #104 that they had communicated with the American Legion" about her termination. Dkt. No. 27-1 at ¶ 2. She does not, however, identify who the officers were, when the communications occurred, the substance of the communications, or what evidence supports her "understanding" that The Legion was "aware" of her "situation."

Of course, pursuant to Rule 56(d), when facts are unavailable to a nonmovant, the nonmovant may show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Upon such a showing, the Court may "(1) defer considering the motion or deny it, (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Id.* Garcia has not moved the Court for any such relief; nor has she made the required showing under Rule 56(d).

In short, Garcia's conclusory statements are insufficient to overcome The Legion's assertions that it had no involvement in the decisions surrounding Garcia's employment with or termination from Post 104. *See Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001) ("conclusory statements, unsupported by the evidence of record, are insufficient to avoid summary judgment").

4

## IV.     CONCLUSION

For the reasons set forth above, The Legion's motion for summary judgment is **GRANTED** (Dkt. No. 10). The Court thus **DENIES AS MOOT** The Legion's alternate motion to dismiss and The Legion's motion to be excused from the settlement conference (Dkt. No. 37).

SO ORDERED: 1/23/15

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.